United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 13, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 02-20562
_____

CHRISTOPHER E. COLE,

Plaintiff-Appellant,

versus

PATSEY VELASQUEZ,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
H-01-CV-1623

Before DUHÉ, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:*

Christopher E. Cole ("Cole"), a Texas prison inmate proceeding *pro se* and *in forma pauperis*

("IFP"), filed a § 1983 civil rights complaint against the Jester III Unit Law Library Supervisor,

Patsey Velasquez ("Velasquez"). Cole alleged in his complaint that he is legally blind and that

Velasquez violated his constitutionally protected right of access to the courts by denying him access

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to adaptive or auxiliary legal research equipment for the visually impaired.[2]  According to Cole, the absence of such equipment in the Jester III law library prevented him from effecting a post-conviction appeal in state court.  Also, in his § 1983 complaint, Cole alleged that Velasquez's refusal to provide him with adaptive or auxiliary equipment for the blind was a violation of the Americans with Disabilities Act (the "ADA").

The district court dismissed Cole's § 1983 action as frivolous, under 28 U.S.C. § 1915(e)(2)(B)(I), following a hearing conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  In its judgment, the district court did not address Cole's allegation that Velasquez violated his rights under the ADA.  Cole now appeals from the district court's judgment.[3]

We review for abuse of discretion a district court's dismissal of a prison inmate's IFP complaint.  *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)).  A district court shall dismiss an IFP complaint at any time it determines that the complaint is frivolous.  28 U.S.C. § 1915(e)(2)(B)(I).  A complaint is "frivolous" if it lacks "'an arguable basis in law or fact.'"  *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998)).  "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory[.]'"  *Id.* (quoting *Harper*, 174 F.3d at 718).  "'A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity

---

[2]  Prison inmates have a constitutionally protected right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  The right of access encompasses the ability of an inmate to prepare and transmit a necessary legal document to a court.  *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

[3]  Cole has effectively abandoned related claims that Velasquez infringed upon his right of access to the courts by denying him legal "supplies" and postage with respect to two prior civil rights actions in federal court and a state-court action against Velasquez; he has failed to brief such claims.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

to present additional facts when necessary, the facts alleged are clearly baseless.'" *Id.* (quoting *Talib,* 138 F.3d at 213).

Cole argues that the district court abused its discretion when it dismissed as frivolous his denial-of-access claim against Velasquez. The district court determined that Cole's denial-of-access claim was frivolous because the testimony given at the *Spears* hearing demonstrated that Cole had previously refused the prison officials' offer of a transfer to another Texas prison, the Estelle Unit, which had in its library the adaptive or auxiliary equipment Cole needed to effect his post-conviction appeal in state court.[4]

Contrary to the district court's conclusion, the testimony given at the *Spears* hearing does not support that adaptive or auxiliary equipment for the visually impaired actually is available – or ever was available – at the Estelle Unit. Cole testified that he was previously confined at the Estelle Unit, and that the Estelle Unit did *not* have such equipment. Cole's testimony on this matter, which tended to support his allegation of an actual injury with respect to his state habeas proceeding (i.e., his inability to prepare the necessary legal documents),[5] was uncontroverted; the prison official who testified about the offer of a transfer never stated that the Estelle Unit actually has – or ever had –

---

[4] The district court made the following conclusions:

> In response to Cole's request for adaptive equipment, officials offered to transfer him to a unit that had adaptive equipment that would enable Cole to conduct legal research. Cole repeatedly refused to be transferred. Cole elected not to use the adaptive equipment, so he cannot complain that he did not have access to it.

[5] To prevail on a denial-of-access claim, an inmate must show an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-52 (1996). "Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351.

such equipment.[6] Thus, the *Spears* hearing testimony did not demonstrate the frivolity of Cole's allegation that Velasquez's failure to provide Cole with access to adaptive or auxiliary equipment for the visually impaired in the Jester III Unit Law Library prevented Cole from doing the legal research necessary for effecting his post-conviction appeal. It is at least arguable that, even though Cole may have declined an offer of transfer to the Estelle Unit,[7] Velasquez violated Cole's constitutionally protected right of access to the courts by failing to provide him with access to such equipment in the Jester III Unit Law Library.[8] Thus, the district court abused its discretion in dismissing as frivolous Cole's denial-of-access claim against Velasquez.

Cole also complains that the district court abused its discretion by failing to address his claim that Velasquez violated his rights under the ADA. Cole maintains that his blindness makes him "disabled" under the ADA, that Velasquez has failed to accommodate his disability by providing him with access to the adaptive or auxiliary equipment he needs to conduct legal research in the prison

---

[6] The prison official who testified at the *Spears* hearing , Bill Lewis, testified that, in response to the grievance filed by Cole to request adaptive equipment, prison officials advised Cole that "we have a law library at the Estelle Unit." He also testified that Cole had been "offered . . . an opportunity to be transferred to that unit and [Cole] had refused that on several occasions." Lewis did not, however, testify that officials responding to Cole's grievance advised Cole that such equipment was available at the Estelle Unit. Lewis also did not state that such equipment actually exists, or ever existed, at the Estelle Unit.

[7] In his brief on appeal, Cole acknowledges that he was "offered" such a transfer, at least informally. However, Cole maintains that, contrary to the district court's finding, he did not have the power to refuse such an offer of transfer, since a prison inmate has no such power "if unit classification or state classification orders [the transfer]."

[8] This court has not addressed the question of whether, under these circumstances, an offer of a transfer to another prison where equipment for the disabled is available provides a disabled prisoner with meaningful access to the courts. We need not address this question here, since we have determined that the testimony given at the *Spears* hearing does not support the district court's conclusion that Cole was offered a transfer to a unit that actually had such equipment.

-4-

library, and that Velasquez has therefore violated rights guaranteed to him under Title II of the ADA.[9]

It is unclear from Cole's complaint and from the testimony given at the *Spears* hearing whether Cole intended his ADA claim to be independent of his § 1983 denial-of-access claim. Also, it is unclear whether Cole is suing Velasquez in her official capacity, or in her individual capacity.[10] The answers to these questions could have some bearing on whether Cole's ADA claim is cognizable.[11] The district court, however, failed to address these important questions.

Assuming, *arguendo*, that Cole's ADA claim is cognizable, it appears that Cole did raise a non-frivolous question as to whether Velasquez is depriving Cole of a right guaranteed by Title II of the ADA. In order to state a claim under Title II of the ADA, Cole must allege that 1) he is a

---

[9] Title II of the ADA, which applies to state prison inmates, prohibits a "public entity" from discriminating against a qualified individual with a disability "by reason of" that disability. 42 U.S.C. § 12132; *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998)(explaining that § 12132 applies to state prison inmates).

[10] Cole's complaint lists the defendant as "PATSEY VELASQUEZ (LAW LIBRARY SUP.)".

[11] It might be that Cole is attempting to use § 1983 as a vehicle to reach Velasquez, who, under color of law, allegedly violated – and continues to violate – his rights under the ADA. If so, our reasoning in *Lollar v. Baker*, 196 F.3d 603 (5th Cir. 1999) may support the conclusion that Cole is precluded from bringing a § 1983 action against Velasquez, in her *individual* capacity, in order to vindicate or enforce rights conferred upon him by Title II of the ADA. *See Lollar,* 196 F.3d at 608-10. In *Lollar*, we held that a disabled state employee alleging discrimination could not bring a § 1983 action against her supervisor in the supervisor's individual capacity to enforce rights guaranteed under the Rehabilitation Act, 29 U.S.C. § 794, because the Rehabilitation Act, by its express terms, provides a comprehensive remedial scheme for the enforcement of its provisions. *See Lollar*, 196 F.3d at 608-10. In support of our holding, we cited with approval the reasoning in cases from the Eleventh and Eighth Circuits, both of which held that the ADA's comprehensive remedial scheme bars § 1983 claims against state officials in their individual capacities. *See id.* at 610 (citing *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1531 (11th Cir. 1997) and *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010-11 (8th Cir. 1999) (en banc)).

We have not had the occasion to decide the question of whether a prison inmate, such as Cole, can bring a § 1983 suit against a state prison official, such as Velasquez, in her *official* capacity in order to vindicate or enforce rights guaranteed to him by Title II of the ADA.

qualified individual 2) who was excluded from participation in or denied the benefits of services, programs, or activities of a public entity,[12] and 3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. *See Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir. 1997) (discussing 42 U.S.C. § 12132). A public entity "shall furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity." 28 C.F.R. § 35.160(b)(1). "In determining what type of auxiliary aid and service is necessary, a public entity shall give primary consideration to the requests of the individual with disabilities." 28 C.F.R. § 35.160(b)(2). "Auxiliary aids and services" are defined by the ADA to include "qualified readers, taped texts, or other effective methods of making visually delivered materials available to individuals with visual impairments." 42 U.S.C. § 12102(1)(B). Cole alleged in his complaint that he is a legally blind prison inmate (i.e., a qualified individual) who was excluded from participation in or denied the benefits of the prison law library (i.e., the benefits of a public entity) because of Velasquez's failure to provide him with access to adaptive or auxiliary equipment for the visually impaired, and that such denial of benefits was by reason of his visual impairment (i.e., by reason of his disability). Thus, Cole's § 1983 complaint, liberally construed, does seem to raise a non-frivolous question as to whether Velasquez is violating Cole's rights under the ADA by failing to provide him with access to adaptive or auxiliary equipment for the visually impaired.

For the foregoing reasons, the district court's judgment is VACATED and REMANDED for further proceedings not inconsistent with this opinion. However, the judgment is AFFIRMED to the

---

[12] "Public entity" is defined in relevant part as a state or local government or an agency or instrumentality of such a government. *See* 42 U.S.C. § 12131(1)(A),(B).

extent that Cole has abandoned all of his denial-of-access claims relating to his prior federal civil rights actions and his state civil action against Velasquez.