IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-60585
_____


TINA DAVIS LOLLAR,

Plaintiff-Appellee,

versus

PAMELA BAKER, Etc.; ET AL.,

Defendants,

PAMELA BAKER, Individually, and in
her official capacity as Facility
Director of South Mississippi
Regional Center,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
_____
December 6, 1999
Before JOLLY and SMITH, Circuit Judges, and SARAH S. VANCE,[*]
District Judge.

E. GRADY JOLLY, Circuit Judge:

These section 1983 claims present questions of qualified

immunity.  The defendant and appellant is Pamela Baker.  She is the

facility director of South Mississippi Regional Center, ("SMRC"),

a state agency.  This appeal arises from the district court's order

lifting the stay of discovery.  Baker contends that she is

_____

[*]District Judge of the Eastern District of Louisiana, sitting
by designation.

protected by qualified immunity from having further to respond to the section 1983 claims asserted by the plaintiff, Tina Davis Lollar. Lollar, an employee of the SMRC, alleges that Baker, her supervisor, violated her Fourteenth Amendment due process rights by reassigning her to a different position, and by failing to consider her for a promotion. Additionally, Lollar, who has a visual disability, alleges that Baker further violated her federal rights under the Rehabilitation Act, and she contends that section 1983 provides her with a remedy for that violation. With respect to the Fourteenth Amendment due process claim, we hold that Baker is shielded by qualified immunity because Lollar has failed to demonstrate that Baker deprived her of a property interest. We further hold that section 1983 does not provide a remedy for violations of the Rehabilitation Act, and that Baker enjoys immunity from suit based on this claim, as well. We therefore reverse the district court and remand the case for dismissal of all claims against Baker in her individual capacity.

I

A

In April 1994, Tina Davis Lollar was hired as the Director of the Psychology Department at the South Mississippi Regional Center, a state institution operated by the Mississippi Department of Health. From April 26, 1994, until October 1, 1996, Lollar held

2

the job title of Director, Psychology Department. In February 1996, the position of Bureau Director became available, and the job was formally posted. Although Lollar believed she was qualified for the position, Baker contends that she was not eligible because the position required a degree that Lollar did not possess. As a result, Baker did not further consider Lollar for the position.

Shortly thereafter, effective October 1, 1996, Lollar was laterally transferred without loss of salary or benefits, to the position of Director, Psychological Support, Community Services. This new position required Lollar to drive from SMRC's main office to three outlying offices, a task that, because of her sight impairment, required someone to drive her to the outlying offices on dark days and at night. Lollar alleges that, despite repeated requests, Baker failed to implement any systematic method for dealing with Lollar's need for assistance. Lollar's needs, however, were met on an ad hoc basis each time upon request.

B

On November 6, 1997, Lollar filed suit in the United States District Court for the Southern District of Mississippi against SMRC, the Mississippi State Department of Health, and Dr. Randel Hendrix and Pamela Baker in their individual capacities. With respect to Baker, Lollar's claims were brought under 42 U.S.C. § 1983. She alleged that Baker violated her Fourteenth Amendment

3

due process rights by arbitrarily reassigning her from the position of Director of the Psychology Department to the position of Director of Psychological Support, Community Services. Lollar also alleged that Baker violated her due process rights by arbitrarily refusing to promote her to the position of Bureau Director. Additionally, Lollar alleged that Baker's failure to provide her with reasonable assistance to accommodate her disability, and Baker's decision to reassign Lollar to the position of Director of Psychological Support, Community Services, deprived her of rights under the Rehabilitation Act,[1] for which section 1983 provides her with a remedy.[2]

---

[1]The Rehabilitation Act provides in relevant part:
No otherwise qualified individual with a disability in the United States, as defined in section 706(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by Executive agency or by the United States Postal Service.
29 U.S.C. § 794 (West 1999).

[2]42 U.S.C. § 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .
42 U.S.C. § 1983 (West 1999).

On January 22, 1998, Baker filed an answer and raised the defense of qualified immunity with respect to these section 1983 claims. On January 26, Baker filed a motion to require a specific reply to her immunity defense, and to hold discovery in abeyance until such a reply was filed. On February 24, the magistrate judge granted the defendant's motion to require a specific reply as to qualified immunity, but denied the motion to hold discovery in abeyance. Following the magistrate judge's order, Baker filed an objection to the decision. On March 19, the magistrate judge held a case management conference. On April 1, the magistrate judge entered an order requiring Lollar to file her reply to Baker's claim of qualified immunity no later than April 10, and giving Baker until April 22 to file a motion to dismiss or for summary judgment. The order also held all discovery in abeyance until April 22.

On April 8, Lollar submitted her reply brief to Baker's assertion of qualified immunity. Thereafter, Baker filed a motion to dismiss or for summary judgment. On August 21, the magistrate judge entered an order finding that Baker had stated a claim of a violation of a clearly established statutory or constitutional right, and ordered the stay on discovery to be lifted to allow discovery to "proceed with regard to the issues relating to the

5

defense of qualified immunity." Baker filed a timely appeal from that order.[3]

## II

### A

The question presented in this appeal is, as we have noted, whether Baker is entitled to qualified immunity from these section 1983 claims. To reach this ultimate determination, we must address two underlying questions: (1) Whether, under Mississippi law, Lollar has a clearly established property interest in the noneconomic aspects of her job; and (2) Whether section 1983 provides Lollar with a remedy against Baker for her alleged violations of the Rehabilitation Act.

### B

To show a due process violation in the public employment context, the plaintiff must first show that she had a legally recognized property interest at stake. See State of Texas v. Walker, 142 F.3d 813, 818 (5th Cir. 1998); Spuler v. Pickar, 958

---

[3]We have appellate jurisdiction to review this order. See Wicks v. Mississippi State Employment Service, 41 F.3d 991 (5th Cir. 1995). In Wicks, we examined whether the grant of a plaintiff's discovery request in such a circumstance constitutes a denial of the defendant's claim of qualified immunity from which the defendant is entitled to an immediate appeal. Id. We answered, yes. We held that the grant of a discovery order with respect to a defendant's claim to qualified immunity "denies [the defendant] the benefits of the qualified immunity defense, thereby vesting this court with the requisite jurisdiction to review the discovery order." Id. at 994.

F.2d 103, 107 (5th Cir. 1992)(stating that a prerequisite to a substantive due process claim is the establishment of a constitutionally protected property right). Such a showing, as the court noted in Schaper v. City of Huntsville, 813 F.2d 709 (5th Cir. 1987), must be made by reference to state law. "The Constitution does not create property interests; `they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" Schaper, 813 F.2d at 713(quoting Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)); see also Bishop v. Wood, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976)(stating "a property interest in employment can, of course, be created by ordinance or by an implied contract . . . in either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law").

C

Lollar contends that under Mississippi law, she had a property interest in her specific supervisory job from which she was reassigned. She points us to Bishop v. Wood, 426 U.S. 341 (1976), and Miller v. City of Nederland, 977 F.Supp. 432, 436 (E.D. Tex. 1997),[4] and § 25-9-127(1)[5] of the Mississippi Code of 1972 in

---

[4]Lollar argues that the Supreme Court ruling in Bishop, and the Eastern District of Texas holding in Miller support her claim of a property interest in the duties and responsibilities of her

7

support of her contention.  See also, Mississippi State Employee Handbook (effective date 9/96), § 3.0, p. 8 (recognizing a property interest in each state service employee's job).  For the reasons noted below, neither Bishop nor Miller is relevant.  On the other hand, Mississippi Code § 25-9-127 does create some property interest in jobs that fall within the ambit of that statute. Specifically, the statute guarantees that there will be no loss in "compensation or employment status" except for "inefficiency or other good cause."  Miss. Code Ann. § 25-9-127 (1999).

Although it is clear that under Mississippi law a property interest may be created in a particular job, that property interest

job.  Bishop, however, merely directs the court to look to state law to determine whether a property interest has been created. Bishop, 426 U.S. at 344.  Additionally, Miller--which is in conflict with our decision in Kelleher v. Flawn, 761 F.2d 1079 (5th Cir. 1985)(stating that we expressly rejected a public employee's claim of entitlement to the specific duties that she had prior to reassignment under Texas law)--is not controlling of whether Mississippi recognizes a property interest in the noneconomic aspects of a job.

[5]Mississippi Code § 25-9-127 states in relevant part: No employee of any department, agency or institution who is included under this chapter or hereafter included under it authority, and who is subject to the rules and regulations prescribed by the state personnel system may be dismissed or otherwise adversely affected as to compensation or employment status except of inefficiency or other good cause, and after written notice and hearing within the department, agency or institution as shall be specified in the rules and regulations of the State Personnel Board complying with due process of law. . . . Miss. Code Ann. § 25-9-127 (1999).

8

is generally limited to the financial remuneration of that job. See Robinson v. Boyer, 825 F.2d 64, 67 (5th Cir. 1987). No property interest lies in the particular duties and responsibilities of a job. See Mississippi Forestry Commission v. Piazza, 513 So.2d 1242 (Miss. 1987); Davis v. Mann, 882 F.2d 967, 973 (5th Cir. 1989)(holding that pursuant to Mississippi law, the plaintiff, a state university resident dentist does not have a property interest in the duties and responsibilities of his employment); Robinson, 825 F.2d at 67 (stating that pursuant to Mississippi law, "once it has been established that an employee [in this case a state university security officer] has been fully compensated [monetarily] for his employment, he is left with no claim for damages under § 1983 for violation of his property rights").

In Piazza, an employee of the Mississippi Forestry Commission filed suit in chancery court to enjoin his transfer to another district. The Mississippi Supreme Court, reviewing state law, including Miss. Code § 25-9-127, held:

> It would be a monstrous disservice to the taxpayers of this state for any court to hold that when a state agency has determined it is to the best interest of that agency to transfer an employee, it still must get the employee's consent. . . . A statewide agency with employees scattered in every part of the state, and obligations imposed by law manifestly must be vested with the authority to designate where its employees work.

9

Id. at 1249-50. Thus, the court concluded that the plaintiff had no right to a hearing regarding the transfer, or regarding any loss of noneconomic benefits of his prior job. Id. at 1250.

Lollar does not complain that her reassignment from the position of Director, Psychology Department, to Director, Psychological Support, Community Services, caused a loss in any economic benefit. Neither does she allege an employment contract that guaranteed her assignment to specific job duties and responsibilities. In short, she has failed to show the deprivation of a property interest under Mississippi law. Thus, because Lollar has failed to show that Baker's decision to reassign her resulted in a deprivation of any constitutionally protected right, Baker is entitled to qualified immunity from suit based on this section 1983 claim.

As we have earlier noted, Lollar also alleges that Baker violated her Fourteenth Amendment due process rights by failing to consider her for the position of Bureau Director. It is difficult to understand the basis for this due process claim. To the extent that we are able to discern from Lollar's complaint and appellate brief her particular claim, she must be asserting that she had a recognized property interest, under Mississippi law, in the position of Bureau Director. We further take her complaint to be that the failure of Baker to consider her for that position

10

resulted in a denial of a promotion to the position. In any event, Lollar has failed to show how she has any sort of a property interest in a job she has never held. Baker is therefore entitled to immunity from suit based on this section 1983 claim.

Thus, the order of the district court granting Lollar's motion to lift the stay of discovery as to these due process claims is reversed, and these claims must be dismissed.

III

The next question we address is whether section 1983 provides Lollar with a remedy against Baker for her actions that Lollar alleges violated the Rehabilitation Act. The Rehabilitation Act prohibits recipients of federal financial assistance from discriminating against disabled, but otherwise qualified individuals. See Kapche v. City of San Antonio, 176 F.3d 840, 844 n.27 (5th Cir. 1999). To enforce its provision, the Act provides for suit against "any program or activity receiving Federal financial assistance." 29 U.S.C. § 794 (West 1999). Here it is clear that SMRC--not Baker--is the program recipient of the federal financial assistance. Consequently, Lollar cannot sue Baker, individually, under the Act.[4] See, e.g., Clanton v. Orleans Parish

---

[4]Lollar argues that independently of her section 1983 claims, section 794 of the Rehabilitation Act provides her with a cause of action against Baker in her individual capacity. Lollar cites to our holdings in Brennan v. Stewart, 834 F.2d 1248 (5th Cir. 1988) and McGregor v. Louisiana State Univ. Bd. of Supervisors, 3 F.3d

11

Sch. Bd., 649 F.2d 1084 (5th Cir. 1981)(holding that a supervisor who implemented a maternity leave policy that violated the terms of title VII could not be held individually liability under the Act); Grant v. Lone Star Co., 21 F.3d 649, (5th Cir. 1994)(holding "[o]nly 'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under title VII"). Lollar, however, seeks to use section 1983 as a vehicle to reach Baker individually, as a person, who under color of law, has subjected Lollar to the deprivation of rights under the Rehabilitation Act. See supra note 2. Our circuit has not had occasion to resolve whether a state employee who alleges a violation of the Rehabilitation Act may bring an action under section 1983 against an individual state actor in lieu of, or in addition to, an action against the employing agency under the Rehabilitation Act. Thus, this is a question of first impression in our circuit.

As a general rule of statutory construction, a statute that affords a remedy for specific wrongs, and which is comprehensive enough to embrace subjects that may fall within the ambit of a general statute, should prevail over the general statute as a vehicle for enforcing those specific statutory rights. See, e.g.,

850 (5th Cir. 1993) to support this contention. Neither Brennan, nor McGregor, however, decided whether section 794 provided a cause of action against the defendants in their individual capacities.

Resolution Trust Corp. v. Miramon, 22 F.3d 1357, 1362 n.7 (5th Cir. 1994)(citations omitted); Chemetron Corp. v. Business Funds, Inc., 682 F.2d 1149, 1364 n.51 (5th Cir. 1982), judgment vacated, 460 U.S. 1007, 103 S.Ct. 1245, 75 L.Ed.2d 476 (1983)(quoting Montague v. Electronic Corp. of America, 76 F.Supp. 933, 936 (S.D.N.Y. 1948). Furthermore, a comprehensive remedial scheme for the enforcement of a statutory right creates a presumption that Congress intended to foreclose resort to more general remedial schemes to vindicate that right. See Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n., 453 U.S. 1, 20, 101 S.Ct. 2615, 2626, 69 L.Ed.2d 435 (1981).[5] Within the Rehabilitation Act, Congress has provided a specific comprehensive internal enforcement

_____

[5]In Middlesex, the Supreme Court addressed whether Congress, in providing comprehensive remedial schemes in two federal statutes, intended to "preserve the § 1983 right of action" to enforce those rights. Middlesex, 453 U.S. at 20. The Court held: "When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suit under § 1983." Id. at 19-20. The Court supported this conclusion by citing Justice Stewart's dissenting opinion in Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979) stating: "[W]hen 'a state official is alleged to have violated a federal statute which provides its own comprehensive enforcement scheme, the requirements of that enforcement procedure may not be bypassed by bringing suit directly under § 1983.'" Middlesex, 453 U.S. at 20 (quoting Chapman, 441 U.S. at 673 n.2). Thus, the Court concluded "that the existence of these express remedies demonstrates not only that Congress intended to foreclose implied private actions but also that it intended to supplant any remedy that otherwise would be available under § 1983." Id. at 20-21 (citing Carlson v. Green, 446 U.S. 14, 23, 100 S.Ct. 1468, 1474, 64 L.Ed.2d 15 (1980)).

mechanism to protect the rights of the disabled who are employed by recipients of federal funds.  See 29 U.S.C. § 794(a) (West 1999).[6] Thus, we will assume that Congress intended to foreclose resort to the more general enforcement provisions of section 1983 to vindicate the rights created by the Rehabilitation Act.  See also Veal v. Memorial Hosp., 894 F.Supp. 448, 452-455 (M.D. Ga. 1995)(discussing this general rule of statutory construction in the context of an attempt to vindicate the statutory rights created by Rehabilitation Act by resorting to section 1983).

In rejecting section 1983 as an enforcement mechanism for rights found in the Rehabilitation Act, we join the Eleventh Circuit.  In Holbrook v. City of Alpharetta, 112 F.3d 1522 (11th Cir. 1997), the Eleventh Circuit reasoned that

> both the Rehabilitation Act and the ADA provide extensive, comprehensive remedial frameworks that address

---

[6]Title 29 section 794(a) of the United States Code provides: The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), including the application of section 706(f) through 706(k) (42 U.S.C. 2000e-5(f)-(k)), shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint. In fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefore or other appropriate relief order to achieve an equitable and appropriate remedy.
29 U.S.C. § 794(a)(West 1999).

14

> every aspect of [a plaintiff's claim] under section 1983.
> To permit a plaintiff to sue both under the substantive
> statutes that set forth detailed administrative avenue of
> redress as well as section 1983 would be duplicative at
> best; in effect such a holding would provide the
> plaintiff with two bites at precisely the same apple. We
> conclude that a plaintiff may not maintain a section 1983
> action in lieu of--or in addition to--a Rehabilitation
> Act or ADA cause of action if the only alleged
> deprivation is of the employee's rights created by the
> Rehabilitation Act and the ADA.

Holbrook, 112 F.3d at 1531; see also, Alsbrook v. City of Maumelle, 184 F.3d 999, 1010-11 (8th Cir. 1999)(stating "the ADA's comprehensive remedial scheme bars [the plaintiff's] section 1983 claims against the commissioners in their individual capacities").

In sum, because the Rehabilitation Act by its express terms provides comprehensive enforcement and remedial measures for violations of its provisions, we hold that section 1983 cannot be used as an alternative method for the enforcement of those rights. Consequently, Baker is entitled to qualified immunity from suit under section 1983 for this claim.

IV

To conclude, we hold that under Mississippi law, Lollar does not have a legally recognizable property interest in either the non-economic duties and responsibilities of her job, or in a job she had never held. Lollar has therefore failed to overcome Baker's assertion of qualified immunity with respect to her due process claims based on her reassignment and failure to promote

15

claims.  Further, we hold that section 1983 does not provide a remedy for alleged violations of the Rehabilitation Act. Consequently Baker has immunity from suit on this claim.  Thus, the order of the district court allowing discovery is REVERSED and the case is REMANDED for an entry of judgment of dismissal of all claims against Baker in her individual capacity, and for such further proceedings with respect to the other parties as may be appropriate.

REVERSED and REMANDED.