Henry Carl **VALDER**, Plaintiff,

v.

**CITY OF GRAND FORKS,**
**et al., Defendants.**

No. A1–03–68.

United States District Court,
D. North Dakota,
Southwestern Division.

Sept. 30, 2003.

---

Ronald F. Fischer, Linda E. Bata, Pearson Christensen, Grand Forks, ND, Albert J. Hardy, Hardy, Maus & Nordsven PC, Dickinson, ND, Kevin B. Spaeth, Spaeth, Thelen, Van, Voorhis & Jasmer, Grand Forks, ND, for defendants.

## MEMORANDUM AND ORDER GRANTING MOTIONS TO DISMISS

HOVLAND, Chief Judge.

Before the Court are Motions for Dismissal filed pursuant to Rule 12 of the Federal Rules of Civil Procedure by all of the Defendants: the City of Grand Forks, John Thelen, the North Dakota Mental Health Association on behalf of Mountainbrooke, and Judge Debbie Kleven. The Defendants argue that the Plaintiff's complaint fails to state a claim for relief. The Plaintiff, Henry Carl Valder, has failed to respond to the Defendants' motions. Pursuant to Local Rule 7.1(C), the failure to respond may be deemed an admission that the motions are well-taken. For the reasons set forth below, the Court grants the Defendants' motions.

## I. BACKGROUND

On June 17, 2003, the Plaintiff, Henry Carl Valder, acting pro se, filed suit against the City of Grand Forks alleging non-compliance with the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Title VI of the Civil Rights Act of 1964. That same day, Valder filed an amended complaint adding three additional defendants, Judge Debbie Kleven, Mountainbrooke, an organization funded by the Mental Health Association of North Dakota, and attorney John Thelen. In his original complaint Valder described his claim as follows:

On or about May 17, 2000, I called 911 when the Grand Forks Mission refused to allow my service dog to accompany me into the mission. The officer told me nothing could be done, after I personally showed them my documentation as well as state and federal law. Another instance is when a local judge, Debbie Klevin [sic] made my

service dog wait outside the courthouse when I defended myself on a BOGUS marijuana charge, going so far as to mock me, and belittle my condition in a court of law. States attourney [sic] Thomas Falk stating (a matter of record) as to why he objected to my service animal being in the courtroom "For lack of a better excuse, that I'm allergic to dogs."

See Complaint, & para; IV. In his amended complaint, Valder reiterated his original claim, stating "Judge Debbie Klevin made my service gide [sic] dog wait outside the courth [sic]." See Amended Complaint, & para; IV.

## II. LEGAL DISCUSSION

Rule 12(c) of the Federal Rules of Civil Procedure provides as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In analyzing a Rule 12(c) motion to dismiss, the Court must accept all of the factual allegations set out in the complaint as true and construe the complaint in a light most favorable to the plaintiff. *Faibisch v. University of Minnesota*, 304 F.3d 797, 802 (8th Cir. 2002).

Dismissal for failure to state a claim will only be granted if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claim which would entitle it to relief. *Id.* Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *Id.*

## A. DEFENDANTS MOUNTAINBROOKE AND JOHN THELEN

Defendants Mountainbrooke and Thelen set forth nearly identical arguments in their Motions to Dismiss. Both parties assert that

Valder's complaint does not allege any facts that implicate either Mountainbrooke or Thelen. The Court agrees. The Court finds that Valder has failed to state any claim upon which relief may be granted as to Defendants Mountainbrooke and John Thelen.

## B. DEFENDANT JUDGE KLEVEN

Judge Kleven asserts that it is unclear in what capacity she has been named as a defendant. Judge Kleven contends that if Valder intended to bring suit against her in her official capacity, she was not properly served under Rule 4 of the Federal Rules of Civil Procedure. She also contends that if Valder intended to bring suit against her in her personal capacity, she is not a proper defendant because none of the statutory authority referenced by Valder in his complaint allow for individual liability.

### 1) OFFICIAL CAPACITY

■ If Valder intended to bring suit against Judge Kleven in her official capacity as a state district court judge, he would essentially have been bringing suit against the State of North Dakota. Under Rule 4 of the Federal Rules of Civil Procedure,

> service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed.R.Civ.P. 4(j)(2). North Dakota's Rules of Civil Procedure provide that service upon the State requires delivery of the summons and complaint to the Governor, the Attorney General, an assistant attorney general or the managing head of the agency involved. N.D. R. Civ. P. 4(d)(2)(F).

It is clear that Valder neither named nor served the State of North Dakota. Judge Kleven was personally served with a summons and complaint at the Grand Forks County Courthouse in Grand Forks, North Dakota. (Docket No. 5). The Court finds that to the extent Valder's action is against

Judge Kleven in her official capacity, it must be dismissed without prejudice for lack of proper service.

### 2) INDIVIDUAL CAPACITY

If Valder intended to bring suit against Judge Kleven in her personal capacity, Judge Kleven was properly served. However, Judge Kleven contends that the statutory authority under which Valder allegedly brought his suit does not provide for individual liability. Valder makes reference to the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Title VI. The Court will address each of those statutory provisions.

### a. ADA CLAIMS

■ The ADA is separated into three titles. Title I applies to discrimination in employment. 42 U.S.C. § § 12111–12117. Title II applies to discrimination in public services. 42 U.S.C. § § 12131–12165. Title III applies to discrimination in public accommodations. 42 U.S.C. §§ 12181–12189. The Eighth Circuit has held that individuals may not be sued in their individual capacities directly under the provisions of Title II of the ADA. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir.1999). In addition, the Eighth Circuit has noted with approval that three other circuits have held that there is no liability under Title I against individuals who do not otherwise quality as "employers" under the statutory definition. *Id.* The Eighth Circuit has also held that when there is no claim that an individual owned, leased, or operated the property in question, there is no colorable claim under Title III of the ADA. *Pona v. Cecil Whittaker's, Inc.*, 155 F.3d 1034, 1036 (8th Cir.1998).

In this case, there is no allegation that Judge Kleven was Valder's employer so Title I cannot be a basis for Valder's claims. Title II clearly does not provide for individual liability. Finally, there is no allegation that Judge Kleven in her individual capacity owned, leased, or operated the facilities in question—the Grand Forks County Courthouse and the Grand Forks Mission. Thus, under Eighth Circuit precedent, the Court

expressly finds that Judge Kleven may not be sued in her individual capacity under Titles I, II, or III of the ADA.

### b. THE REHABILITATION ACT OF 1973

■ Section 504 of the Rehabilitation Act prohibits discrimination on the basis of handicap in programs receiving federal financial assistance. 29 U.S.C. § 794(a). It provides in relevant part, that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." To establish a prima facie case of disability discrimination under Section 504, the plaintiff must prove: (1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) he was discriminated against on the basis of his disability. *M.P. v. Independent School District No. 721*, 326 F.3d 975, 981–82 (8th Cir.2003) (citing *Timothy H. v. Cedar Rapids Cmty. Sch. Dist.*, 178 F.3d 968, 971 (8th Cir.1999)).

Here, Valder has made no allegation that Judge Kleven was in her individual capacity "a program or activity of a public entity receiving federal funds." Although the Eighth Circuit has not directly addressed the issue of whether an individual may be sued under Section 504 of the Rehabilitation Act, the Fifth Circuit has held that an individual may not be sued in her individual capacity under the Rehabilitation Act. *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir.1999). The Court views the reasoning of the Fifth Circuit as persuasive and finds that Section 504 of the Rehabilitation Act does not provide for claims against individuals.

### c. TITLE VI

■ Title VI of the Civil Rights Act of 1964 provides:

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be

denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. This claim is similar to Valder's claim under Section 504 of the Rehabilitation Act of 1973, in that the proper defendant in such an action is "a program or activity receiving Federal financial assistance." While the Eighth Circuit has not addressed the issue of whether an individual in their personal capacity may be a proper defendant in a Title VI suit, numerous district courts throughout the country have held that an individual that does not receive federal funding is not a proper defendant under Title VI. See *Powers v. CSX Transp., Inc.*, 105 F.Supp.2d 1295, 1311 (S.D.Ala.2000) (collecting cases). Again, Valder has not alleged that Judge Kleven in her individual capacity is the recipient of Federal financial assistance. Further, Valder has not claimed that his race, color, or national origin was the basis of any alleged discrimination. Accordingly, the Court finds that Valder may not pursue a claim against Judge Kleven in her individual capacity under Title VI of the Civil Rights Act of 1964.

## C. DEFENDANT CITY OF GRAND FORKS

The City of Grand Forks also alleges that Valder has failed to state a claim against it. The City of Grand Forks neither owns nor operates the Grand Forks Mission, and Valder has never been an employee of the City of Grand Forks. The City states that the only allegation contained in Valder's filings that may in any way involve the City is found at Section IV on page 3 of the complaint:

> On or about May 17, 2000, I called 911 when the Grand Forks Mission refused to allow my service dog to accompany me into the mission. The officer told me nothing could be done, after I personally showed them my documentation as well as state and federal law.

The City of Grand Forks contends the only possible basis for naming the City of Grand Forks as a defendant is based on a police officer's response to Valder's May 17, 2000, 911 call.

### a. ADA CLAIMS

As stated above, the three titles of the ADA prohibit discrimination in employment, discrimination in public services, and discrimination in public accommodations. Valder has made no claim that he was ever an employee of the City of Grand Forks. Thus, the City is not a proper defendant under Title I of the ADA. Likewise, a local government, such as the City of Grand Forks, is a public entity, not a private entity and is not a "public accommodation" for purposes of Title III. *DeBord v. Board of Educ. of the Ferguson–Florissant Sch. Dist.*, 126 F.3d 1102, 1106 (8th Cir.1997).

■ Finally, as to Title II of the ADA, Valder's claim must fail as a matter of law. In *Pona v. Cecil Whittaker's, Inc.*, 155 F.3d 1034, 1036–37 (8th Cir.1998), the Eighth Circuit specifically held that a police officer who simply informs a complainant of his or her civil remedies under the ADA and declines to assist the complainant in gaining access to a private business has not denied the individual the benefits of the city's services, programs, or activities. Valder's claim that a Grand Forks City police officer told him that there was nothing he could do to assist him is not sufficient to state a claim under Title II of the ADA.

### b. THE REHABILITATION ACT OF 1973

■ Valder's claim against the City of Grand Forks under the Rehabilitation Act of 1973 must also fail. The substance of Section 504 of the Rehabilitation Act and Title II of the ADA are similar and "cases interpreting either are applicable and interchangeable." *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir.1998) *rev'd on other grounds by Barnes v. Gorman*, 536 U.S. 181, 189, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002). The same analysis of Valder's Title II claim applies to his Rehabilitation Act claim. Thus, the Court finds that the Grand Forks City police officer's response does not constitute a denial of the benefits of a city program or activity receiving federal financial assistance.

#### c. TITLE VI

Finally, Valder's claim against the City of Grand Forks under Title VI of the Civil Rights Act of 1964 must also fail. Title VI prohibits discrimination based on "race, color, or national origin." 42 U.S.C. § 2000d. As noted above, Valder has failed to claim that his race, color, or national origin were the basis of any alleged discrimination.

### III. CONCLUSION

The Motions to Dismiss filed by City of Grand Forks (Docket No. 8), John Thelen (Docket No. 13), the North Dakota Mental Health Association on behalf of Mountainbrooke (Docket No. 16), and Judge Debbie Kleven (Docket No. 18) are all GRANTED. The above-entitled action is DISMISSED without prejudice.

IT IS SO ORDERED.