No. 06-60994

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2008

Charles R. Fulbruge III
Clerk

No. 06-60994

CYNTHIA S. MCKAY

Plaintiff-Appellant

v.

MIKE JOHANNS, SECRETARY, DEPARTMENT OF AGRICULTURE, AND
NICK WALTERS, STATE DIRECTOR OF UNITED STATES DEPARTMENT
OF AGRICULTURE, RURAL DEVELOPMENT

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi, Western Division
USDC No. 5:05-CV-80

Before DeMOSS, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant Cynthia S. McKay ("McKay") appeals the district court's
dismissal of her claims of disability discrimination under the Rehabilitation Act
of 1973, 29 U.S.C. § 791. Because we agree that McKay cannot show that she
suffered an "adverse employment action," we AFFIRM the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

dismissal of her claims.

## I.

McKay, who suffers from a speech impediment, a hearing impediment, and a learning disability, has been employed at the United States Department of Agriculture ("USDA") Rural Development Office in Jackson, Mississippi since August 5, 1984. On or about June 19, 2003, McKay was moved from her work station in the "Contraction/Procurement" area of the USDA Jackson office to another workstation, located in the "Personnel" area of the same office. There is a dispute concerning the exact distance between the workstations. While the USDA claims the work station was relocated by only about ten feet, McKay claims the move was more dramatic and landed her in a cramped and isolated area. McKay's new workstation had previously been the office of another employee.

On May 23, 2006, after receiving a right to sue letter from the EEOC, McKay filed this action in the United States District Court for the Southern District of Mississippi, claiming her work space relocation was the result of purposeful discrimination. Specifically, McKay argues her supervisor's personal dislike of her appearance and speech impediment motivated him to have her moved in violation of the Rehabilitation Act's provisions. The USDA denies McKay's relocation was motivated by discrimination, instead asserting the change was prompted by a nationally mandated office restructuring designed to make room for prospective staff.

## II.

We review de novo the district court's granting of summary judgment, applying the same standard as the district court. Gowesky v. Singing River Hosp. Sys., 321 F.3d 503, 507 (5th Cir. 2003). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Kee v. City of Rowlett, 247 F.3d 206, 210 (5th Cir. 2001).

Discrimination claims brought under the Rehabilitation Act are governed by the same standards as claims brought under Title I of the Americans with Disabilities Act of 1990 ("ADA"). See 29 U.S.C. § 794(d). To qualify for relief under the Rehabilitation Act, a plaintiff seeking to establish a prima facie case of discrimination must show that (1) that she has a disability; (2) she is an individual qualified for the job in question; (3) she worked for a program or activity receiving Federal financial assistance; and (4) an adverse employment decision was made solely because of this disability. See 29 U.S.C. § 794(a); Hileman v. City of Dallas, 115 F.3d 352, 353 (5th. Cir. 1997).

The district court granted the USDA's motion for summary judgment on McKay's claims on the ground that the act challenged by McKay, her relocation from one workstation to a less favorable workstation, did not constitute an "adverse employment action." We agree.[1]

This court has consistently limited "adverse employment action" in the Title VII context to acts which effect compensation, duties, and benefits. See, e.g., Pegram v. Honeywell, Inc., 361 F.3d 272, 282 (5th Cir. 2004) (in Title VII discrimination context; "an adverse employment action consists of ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating."). It is not entirely clear that this Circuit's formulations of the ultimate employment decision standard comports with the Supreme Court's characterization of the Title VII standard in Burlington Northern & Santa Fe Ry. Co. v. White, 126 S.Ct. 2405, 2411-12 (2006) (. . . words in the substantive provisions of Title VII, such as "hire," "discharge," "compensation, terms,

---

[1] McKay also sued Nick Walters ("Walters"), Mississippi State Director of USDA, Rural Development, in his individual capacity. This issue was not addressed by the district court and was raised by the USDA on appeal. This court has held that the proper defendant in a suit brought under the Rehabilitation Act is the program or activity receiving federal financial assistance, thus a plaintiff cannot sue an individual under the Act. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (recognizing that the Act's enforcement provision provides for suit against "any program or activity" and it is the program that is the recipient of federal financial assistance).

conditions, or privileges of employment" limit the scope of the provision to actions that affect employment or alter the conditions of the workplace). However, we need not decide that issue in the present case because nothing in Title VII or the Supreme Court's decision indicates that moving an employee to a smaller work station is the type of employment condition that Congress intended to be actionable.

We conclude that similar limitations apply to the similarly worded provisions of the ADA and by extension the Rehabilitation Act. Compare 42 U.S.C. § 2000e-2(a)(1) (Title VII's substantive provision which makes it unlawful for an employer to "fail or refuse to hire or to discharge. . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment. . . .") with 42 U.S.C. § 12112(a) (The ADA's substantive provision which forbids discrimination "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."). Discrimination claims brought under the Rehabilitation Act are governed by the same standards as claims brought under Title I of the Americans with Disabilities Act of 1990 ("ADA"). See 29 U.S.C. § 794(d).

Because McKay's claim is premised only on the inconvenience and size of a new workstation, and because she does not allege a change in compensation, benefits, or responsibilities, we agree with the district court's conclusion that McKay has not suffered an actionable adverse employment action. As such, McKay fails to make a prima facie case of discrimination under the Rehabilitation Act.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the ruling of the district court.