# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-60178
Summary Calendar

VICKIE MCNEILL

Plaintiff-Appellant

v.

CITY OF CANTON MISSISSIPPI; FRED ESCO, Individually and in his
capacity as mayor of the City of Canton Mississippi; ROBERT WINN,
Individually and in his capacity as chief of the City of Canton Police
Department

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-74

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Vickie McNeill asks us to reverse the district court's
summary judgment-dismissal of her claims against her former employer, the
City of Canton, Mississippi (the "City"), the mayor of the City, Fred Esco, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the chief of the Canton Police Department (the "CPD"), Robert Winn (collectively, the "Defendants-Appellees"). McNeill formerly was employed as the assistant chief of the CPD and was even appointed interim chief while the City advertised and filled the vacancy. In this action against the Defendants-Appellees, she alleges, inter alia, that (1) she was not selected for the chief of police position because of her sex and in retaliation for her earlier successful sexual harassment and retaliation suit filed against the City, (2) she was retaliated against when she was allegedly demoted and eventually fired after filing her failure-to-promote charge of discrimination with the Equal Employment Opportunity Commission, (3) her Fourteenth Amendment substantive and procedural due process rights were violated when she was fired, and (4) she suffered from intentionally inflicted emotional distress. The Defendants-Appellees filed a motion for summary judgment; McNeill objected and requested that she be granted a Rule 56(f) continuance to conduct additional discovery. The court denied McNeill's request for a continuance and granted summary judgment in favor of the Defendants-Appellees, dismissing each of McNeill's claims.

We have reviewed the record on appeal and the law applicable thereto as set forth in the appellate briefs of the parties and the rulings of the district court. As a result of our review, we are convinced that the district court's grant of the Defendants-Appellees' motion for summary judgment was proper, essentially for the reasons carefully explained at length by the court.

First, with respect to her failure-to-promote claims, McNeill has not shown that there is a genuine issue of material fact whether the Defendants-Appellees' stated legitimate, non-discriminatory reason for her non-selection, viz., that the City wanted to hire an outsider for the chief of police position, was pretext for

discrimination.[1]   In fact, McNeill herself bolstered the legitimacy of the Defendants-Appellees' reason for not promoting her when she acknowledged in her deposition that, in recent years, the CPD had experienced substantial internal problems because corruption was rampant within the CPD's ranks. Second, with respect to her retaliation claims, McNeill has failed, inter alia, to (1) demonstrate a sufficient causal connection between her protected activity and the alleged materially adverse employment actions she suffered, and (2) rebut adequately the Defendants-Appellees' proffered non-discriminatory reasons for the materially adverse employment actions.[2]   Most notably, McNeill makes no attempt to (1) discredit the Defendants-Appellees' justification for modifying her work schedule, viz., to provide more police coverage because the City was short on manpower at the time, or (2) address the proffered reasons for her termination, which reasons include her failure to perform her duties and her refusal to work cooperatively with Chief Winn and others.  Third, as McNeill has not established that she had a property interest in her employment with the City, her substantive and procedural due process claims must fail.[3]  Contrary to her unsupported and conclusional assertion that she was a civil service employee

---

[1] See, e.g., Pratt v. City of Houston, Tex., 247 F.3d 601, 606 (5th Cir. 2001) ("[A]n employer would be entitled to summary judgment if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination occurred." (internal quotation marks omitted)).

[2] See, e.g., Swanson v. Gen. Servs. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997) ("[O]nce the employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive."); Strong v. Univ. Healthcare Sys., L.L.C., 482 F.3d 802, 806 (5th Cir. 2007) ("The proper standard of proof . . . [for] a Title VII retaliation claim is that the adverse employment action . . . would not have occurred 'but for' [the] protected conduct." (citation omitted)).

[3] See, e.g., Lollar v. Baker, 196 F.3d 603, 607 (5th Cir. 1999) ("To show a due process violation in the public employment context, the plaintiff must first show that she had a legally recognized property interest at stake.").

under Mississippi statutory law and thus had a protected interest in her employment, the record reveals that she was an at-will employee and therefore terminable with or without cause. Finally, there plainly is no evidentiary basis to support her claim for intentional infliction of emotional distress.

We are also convinced that the district court did not err in refusing to grant McNeill a Rule 56(f) continuance.[4] The record reflects that the court granted her sufficient time to conduct adequate discovery. Moreover, McNeill made only vague assertions as to why additional discovery was needed and how that discovery would have enabled her to establish a genuine issue of material fact.[5]

The district court's dismissal of this action with prejudice is AFFIRMED.

---

[4] Federal Rule of Civil Procedure 56(f) provides in part that "[i]f a party opposing the [motion for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken . . . ." FED. R. CIV. P. 56(f) (2).

[5] See Adams v. Travelers Indem. Co. of Conn., 465 F.3d 156, 162 (5th Cir. 2006) ("A party cannot evade summary judgment simply by arguing that additional discovery is needed, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." (internal citations and quotation marks omitted)).