No. 112,038

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARGARET M. QUIDACHAY,
*Appellee*,

v.

DEPARTMENT OF CORRECTIONS, STATE OF KANSAS, EL DORADO CORRECTIONAL
FACILITY; STATE OF KANSAS; and RAY ROBERTS, in his Individual and Official
Capacities,
*Defendants*,

and

JAMES HEIMGARTNER, in his Individual Capacity; and DEBBIE BRATTON, in her
Individual Capacity,
*Appellants*.

SYLLABUS BY THE COURT

1.

Whether a district court erred when considering a motion to dismiss for failure to state a claim is a question of law subject to unlimited review.

2.

To state a valid claim pursuant to 42 U.S.C. § 1983 (2013), a petition must allege two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of rights, privileges, or immunities secured by the United States Constitution or federal law.

3.

A plaintiff alleging a violation of a federal statute is permitted to assert a claim under 42 U.S.C. § 1983 unless (1) the statute does not create enforceable rights,

1

privileges, or immunities within the meaning of § 1983; or (2) Congress has foreclosed such enforcement of the statute in the enactment itself.

4.

The Americans with Disabilities Act, 42 U.S.C. § 12101 (2012) *et seq.*, creates an enforceable right to bring a suit against a covered entity or employer. Because an individual employee is not a covered entity or employer as defined by the Americans with Disabilities Act, a plaintiff suing an individual employee has no enforceable right under the Americans with Disabilities Act to vindicate under 42 U.S.C. § 1983.

5.

The Americans with Disabilities Act's comprehensive enforcement scheme reflects the intent of the United States Congress that the rights protected may not be enforced through 42 U.S.C. § 1983.

Appeal from Butler District Court; JANETTE L. SATTERFIELD, judge. Opinion filed March 13, 2015. Reversed.

*Gaye B. Tibbets*, of Hite, Fanning & Honeyman LLP, of Wichita, for appellants James Heimgartner and Debbie Bratton.

*Donald N. Peterson, II*, and *Sean M. McGivern*, of Withers, Gough, Pike, Pfaff & Peterson, LLC, of Wichita, for appellee.

Before BRUNS, P.J., BUSER and POWELL, JJ.

BRUNS, J.:  This is an interlocutory appeal following the district court's denial of a motion to dismiss a 42 U.S.C. § 1983 (2012) claim filed by a former state employee against two other state employees in their individual capacities. In August 2013, Margaret M. Quidachay sued James Heimgartner—the warden at the El Dorado Correctional

Facility (EDCF)—and Debbie Bratton—the human resources manager at EDCF—as well as several other defendants. Although the district court dismissed the other claims asserted against Heimgartner and Bratton, it denied their motion to dismiss the 42 U.S.C. § 1983 claim. Moreover, the district court declined to grant Heimgartner and Bratton qualified immunity. Because we conclude that Quidachay has failed to state a 42 U.S.C. § 1983 claim against Heimgartner and Bratton in their individual capacities, we reverse the district court's decision.

FACTS

Quidachay was employed at EDCF as a corrections officer. On May 27, 2012, she requested accommodation of "post assignment next to a bathroom" because she suffers from Crohn's disease. According to Quidachay, EDCF declined to grant her request. Subsequently, on July 24, 2012, Heimgartner—in his capacity as warden of EDCF—sent a letter to Quidachay advising her that she would be terminated because of her inability to perform the essential duties of her job. In response, Quidachay filed an administrative complaint with the Kansas Civil Service Board. Prior to a hearing, however, Quidachay and EDCF reached an agreement in which provided that certain information about her ability to perform her job would be removed from her personnel file, that she would tender her resignation effective July 30, 2012, and that her EDCF records would reflect that she is eligible for rehire.

On May 24, 2013, Quidachay filed a complaint with the Equal Employment Opportunity Commission (EEOC). After receiving a Right to Sue letter from the EEOC, Quidachay filed a petition in district court against Heimgartner, Bratton, and several other defendants. Her petition asserted violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 (2012) *et seq.*; discrimination under 42 U.S.C. § 1983 and the Kansas Act Against Discrimination, K.S.A. 44-1001 *et seq.*; and violations of the Kansas Wage Payment Act, K.S.A. 44-313 *et seq.* On December 3, 2013, Quidachay filed an

3

amended petition, in which she added the State of Kansas and the Secretary of Corrections as defendants. She also expanded upon her Kansas Wage Payment Act claim and added a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (2012).

On February 25, 2014, the district court entered an order dismissing KDOC as a party and dismissing Quidachay's claim under the Kansas Act against Discrimination. Subsequently, on March 21, 2014, Heimgartner and Bratton—as well as the other remaining defendants—filed a motion to dismiss. After several substantial briefings, a hearing was held on the motion on May 20, 2014. At the hearing, the district court granted Quidachay's oral motion to amend to include a claim against Heimgartner as a defendant in his official capacity in addition to his individual capacity.

On June 23, 2014, the district court held another hearing to announce its rulings on pending motions, and a journal entry was filed about 2 weeks later. In the journal entry, the district court dismissed various claims, including the ADA claims against the defendants in their individual capacities. But the district court rejected Heimgartner and Bratton's request to dismiss the § 1983 claim arising out of the alleged ADA violation and asserted against them in their individual capacities.

In denying the motion to dismiss the § 1983 claim, the district court found:

"3. Plaintiff states a claim against Bratton and Heimgartner for violation of 42 U.S.C. § 1983 for deprivation of rights under the ADA. The court finds that though the ADA has a remedial scheme, that scheme is not available to this Plaintiff against these Defendants and so she has available a § 1983 claim.

"4. Defendants Bratton and Heimgartner are not entitled to qualified immunity for § 1983 disability discrimination because the right to be free of disability

4

discrimination, which includes the right to have reasonable accommodation, is clearly established."

Subsequently, this court granted Heimgartner and Bratton's application for permission to take an interlocutory appeal from the district court's decision not to dismiss the § 1983 claim asserted against them in their individual capacities.

ANALYSIS

*Issue Presented and Standard of Review*

Heimgartner and Bratton contend that the district court erred in denying their motion to dismiss the 42 U.S.C. §1983 claim filed against them in their individual capacities. Specifically, Heimgartner and Bratton argue that because Quidachay could not state a claim for damages for violation of the ADA against them in their individual capacities, she cannot make the same claim actionable by casting it as a §1983 claim. In response, Quidachay argues that she should be allowed to vindicate her rights under the ADA against Heimgartner and Bratton in their individual capacities through 42 U.S.C. §1983. The parties agree, however, that the determination of whether a district court erred when it considered a motion to dismiss for failure to state a claim involves a question of law subject to an unlimited standard of review. See *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013).

*Failure to Dismiss § 1983 Claim*

42 U.S.C. § 1983 states:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution

5

and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

It is important to recognize that 42 U.S.C. § 1983 "is not a source of rights, but rather a method for vindicating other federal rights conferred elsewhere." *Purvis v. Williams*, 276 Kan. 182, Syl. ¶ 13, 73 P.3d 740 (2003). In order to state a valid claim under § 1983, "a petition must allege two essential elements: (1) whether the conduct complained of was committed by a person acting under color of state law, and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or federal law." 276 Kan. 182, Syl. ¶ 13.

Here, Quidachay asserts that she has Crohn's disease, which "substantially limited one or more of her major life functions, and [she] is a qualified individual with a disability as a result." Quidachay further asserts that while she was employed as a corrections officer at EDCF, her request to her employer to be given a post assignment next to a bathroom because of her Crohn's disease was denied. As a result, Quidachay argues that her employer intentionally discriminated against her "by failing to accommodate her disability, by terminating her employment, and in retaliating against her by refusing to reinstate her employment."

Specific to Heimgartner and Bratton, Quidachay asserts that they intentionally discriminated against her in carrying out their duties on behalf of EDCF. She also asserts that their actions "deprived [her] of rights protected by the Equal Protection Clause to the Fourteenth Amendment of the Constitution and the Americans with Disabilities Act." Although Quidachay has acknowledged that she is not pursuing an Equal Protection claim separate from her claim under the ADA, she seeks a judgment "against Defendants Heimgartner and Bratton, in their individual capacities, for actual damages, economic losses, compensatory damages, punitive damages as allowed by law, attorneys fees, all

6

appropriate interest and costs, and any other relief which the Court deems just and equitable."

The district court ruled that Quidachay does not have a cause of action under the ADA against Heimgartner and Bratton in their individual capacities because the Act does not provide personal liability to those who are not employers. See *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999). Although this ruling is not challenged by Quidachay, she argues that Heimgartner and Bratton should be held personally liable under § 1983 because they allegedly acted under color of state law when they refused her accommodation request and terminated her in retaliation for exercising her rights under the ADA. On the other hand, Heimgartner and Bratton argue that because Quidachay had no legal right to assert an ADA claim against them in their individual capacities, she should not be allowed to use § 1983 to do so.

In *Purvis*, a former employee of the Kansas Department of Wildlife and Parks brought an employment discrimination suit against department officials in their individual and official capacities. The former employee claimed that in terminating his employment, the defendants "(1) violated 29 U.S.C. § 794 (2000) of the federal Rehabilitation Act; (2) violated federal civil rights law under 42 U.S.C. § 1983 (2000); and (3) discharged him in retaliation for exercising his rights under the Kansas Civil Service System and for exercising rights afforded to handicapped individuals." 276 Kan. at 185. The Kansas Supreme Court, however, determined that the former employee failed to state a claim under the Rehabilitation Act against the department officials in their individual capacities because they did not meet the  definition of a "program or activity" under the Act. 276 Kan. 182, Syl. ¶ 6.

The Kansas Supreme Court determined in *Purvis* that the dismissal of the former employee's 42 U.S.C. § 1983 claim for violation of the Rehabilitation Act against the department officials in their individual capacities was appropriate. 276 Kan. at 198-99. In

7

doing so, our Supreme Court explained that "[a] plaintiff alleging a violation of a federal statute is permitted to sue under § 1983 unless (1) the statute does not create enforceable rights, privileges, or immunities within the meaning of § 1983; or (2) Congress foreclosed such enforcement of the statute in the enactment itself." 276 Kan. at 198-99 (citing *Wilder v. Virginia Hosp. Assoc.*, 496 U.S. 498, 508, 110 S. Ct. 2510, 110 L. Ed. 2d 455 [1990]). Because the Rehabilitation Act only created an enforceable right to bring a lawsuit against a "program or activity" for discrimination and a government official in their individual capacity is not either a program or an activity, our Supreme Court concluded that the former employee "had no enforceable right under the Rehabilitation Act to vindicate under a § 1983 claim." *Purvis*, 276 Kan. at 199.

Although *Purvis* addressed a claim under the Rehabilitation Act that preceded the ADA, we find its rationale for the decision to be equally applicable to the present case. Similar to our Supreme Court's conclusion in *Purvis*, the Tenth Circuit Court of Appeals has found that "the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." *Butler*, 172 F.3d at 744. In *Butler*, the Tenth Circuit expressly held that "the individual defendants named in this action may not be held liable for *discrimination or retaliation* in violation of the ADA." (Emphasis added.) 172 F.3d at 744.

Additionally, in *Vinson v. Thomas*, 288 F.3d 1145 (9th Cir. 2002), which was cited by the Kansas Supreme Court in *Purvis*, the Ninth Circuit Court of Appeals held that a plaintiff cannot bring a § 1983 claim against individuals alleging ADA violations as constitutional violations. The *Vinson* court reasoned that a "'comprehensive remedial scheme for the enforcement of a statutory right creates a presumption that Congress intended to foreclose resort to more general remedial schemes to vindicate that right.'" 288 F.3d at 1155 (citing *Lollar v. Baker*, 196 F.3d 603, 609 [5th Cir. 1999]).

8

As the United States Supreme Court has held, Congress may foreclose a remedy under 42 U.S.C. § 1983 either "expressly . . . or impliedly, by creating a comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983." *Blessing v. Freestone*, 520 U.S. 329, 341, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997) (citing *Livadas v. Bradshaw*, 512 U.S. 107, 133, 114 S. Ct. 2068, 129 L. Ed. 2d 93 [1994]). As numerous federal courts have found, we find that the ADA's comprehensive enforcement scheme reflects the intent of Congress that the rights protected in the act are not to be enforced through § 1983. See *Okwu v. McKim*, 682 F.3d 841, 845 (9th Cir. 2012); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999); *Lollar*, 196 F.3d at 609-10; *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1531 (11th Cir. 1997). Thus, Quidachay may not use § 1983 to enforce her alleged ADA violations.

CONCLUSION

The district court appropriately dismissed Quidachay's ADA claim because the Act does not impose individual liability. But the district court should have also dismissed Quidachay's § 1983 claim—arising out of an alleged violation of the ADA by Heimgartner and Bratton in their individual capacities—for failure to state a claim upon which relief can be granted. In light of this ruling, we do not address the issue of qualified immunity.

Reversed.

9