# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-40663
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2025

Lyle W. Cayce
Clerk

Anthony Bernard Wingfield,

*Plaintiff—Appellant*,

*versus*

Adesunkanmi Adekoya, *Correctional Officer*,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:21-CV-297

———————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se* in district court and on appeal, Anthony Bernard Wingfield, Texas inmate # 1896078, challenges the summary-judgment dismissal of his civil-rights action under 42 U.S.C. § 1983. Wingfield contends that Adesunkanmi Adekoya, a correctional officer employed by the Texas Department of Criminal Justice (TDCJ): acted with deliberate

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

indifference to his serious medical needs; and violated his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213.

The district court's grant of summary judgment is reviewed *de novo*, using the standard employed by the district court. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a).

As an initial matter, to the extent Wingfield sued Adekoya in his official capacity for deliberate indifference, his claims are barred by the Eleventh Amendment. *E.g.*, *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004). In addition, regarding the deliberate-indifference claim against Adekoya in his personal capacity, the court properly concluded that Wingfield did not establish a violation of his Eighth Amendment rights, for the reasons provided *infra* (and, in the alternative, that Adekoya was entitled to qualified immunity).

Wingfield's deliberate-indifference claim is premised on the purported delay of medical care, caused by Adekoya, after Wingfield's prosthetic leg broke, causing him to strain his groin. Merely delaying medical care, however, results in an Eighth Amendment violation only "if there has been deliberate indifference that results in substantial harm". *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (citation omitted). Wingfield failed to present summary-judgment evidence that: Adekoya caused the injuries of which he complained; the delay in receiving medical care (purportedly caused by Adekoya) exacerbated those injuries or delayed their healing; or Adekoya was subjectively aware of a risk of serious harm to Wingfield. *E.g.*, *Thompson v. Upshur Cnty.*, 245 F.3d 447, 456 (5th Cir. 2001); *Easter*, 467 F.3d at 463 (official must be "subjectively aware of the risk of serious harm to the inmate") (citation omitted).

Turning to Wingfield's ADA claim, only the public entity, not the entity's individual employee, may be sued under the Rehabilitation Act (RA). *E.g.*, *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999); *see Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 287–88 (5th Cir. 2005) (explaining that "because the rights and remedies under [the ADA and RA] are the same, case law interpreting one statute can be applied to the other" and rejecting plaintiff's ADA claim based, in part, on case law interpreting the RA). Because the operative part of Wingfield's complaint made claims only against Adekoya, not the TDCJ generally, the district court properly dismissed his ADA claim to the extent Adekoya is an individual TDCJ employee. (The district court severed Wingfield's claims against Adekoya alone and docketed them as the instant case.)

In any event, Wingfield did not establish an ADA violation. "A plaintiff states a claim for relief under [the ADA] if he alleges: (1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

Aside from labeling the conditions of his solitary-confinement (the purportedly ADA-noncompliant housing at issue here) "oppressive and restrictive", Wingfield did not specify *how* the conditions of his confinement violated the ADA. Nor did he present any competent evidence that the complained-of discrimination (movement to solitary confinement) was by reason of his disability. To the contrary, he claimed that he was moved in retaliation for his filing grievances against Adekoya. And, to the extent he claims retaliation, Wingfield did not assert any facts bringing his complaint within the ambit of the ADA's antiretaliation provision. *See* 42 U.S.C. § 12203(a).

No. 24-40663

In sum, Adekoya is entitled to judgment as a matter of law on Wingfield's deliberate-indifference and ADA claims. *See* FED. R. CIV. P. 56(a).  Accordingly, the district court did not err by granting summary judgment and dismissing Wingfield's claims with prejudice. *See McFaul*, 684 F.3d at 571.

AFFIRMED.