# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2012

No. 11-40482

Lyle W. Cayce
Clerk

GARY NORMAN COOPER,

Plaintiff-Appellant

v.

DR. DAO HUNG; LUANN RENNER, Investigator II; TONI L. DEER;
SHANTA CRAWFORD, Compliance Coordinator; GUY SMITH, Program
Administrator II-OP; DAVID SWEETIN, Senior Warden; DEBBIE ERWIN,
Assistant Warden; GREG ABBOTT, Attorney General of Texas; OLIVER
BELL, Texas Department of Criminal Justice Board Chairman; BETTY J.
WILLIAMS; BRENDA HOUGH; KOKILA NAIK, MD; DEPUTY JOHN DOE,
a Caucasian Male; JULIUS DANZIGER, Radiologist; BOELIN, a Caucasian
Female,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:10-CV-00126

Before HIGGINBOTHAM, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Gary Norman Cooper, Texas prisoner # 1308386, filed
a civil rights complaint under 42 U.S.C. § 1983, asserting that various prison

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-40482

officials acted with deliberate indifference to a degenerative condition in his lower back in violation of the Eighth Amendment and the Americans with Disabilities Act (ADA).  After a *Spears* hearing, the district court dismissed Cooper's claims as frivolous and for failure to state a claim.  For the following reasons, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.

**I**

Cooper, who is housed at the Eastham Unit of the Texas Department of Criminal Justice (TDCJ), complained that Dr. Dao Hung, Betty Williams, Brenda Hough, and Kokila Naik (all medical personnel) refused to provide him with medical shoes and a cane, and that security and administrative personnel wrongly refused to overrule the decisions of the medical personnel.  Although Cooper conceded that his back condition did not meet prison criteria for use of medical shoes and a cane, he asserted that the defendants should have modified those criteria to accommodate his disability.  Cooper also contended that, as a result of the defendants' decisions, his back condition continued to worsen, and he was unable to participate in basic prison activities.

After Cooper filed his complaint, the magistrate judge convened a *Spears* hearing.  *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996) ("The *Spears* hearing . . . aims to flesh out the allegations of a prisoner's complaint to determine whether *in forma pauperis* status is warranted or whether the complaint, lacking an arguable basis in law or fact, should be dismissed summarily as malicious or frivolous . . . .").  At the hearing, Cooper maintained that, before he was imprisoned, he was given prescriptions for medical shoes and a cane because of a protruding disk that was pushing on a nerve in his back.  Cooper stated that he still had pain in his foot and constant back pain and that, a month before the hearing, he had been told by a physician that the ball portion of his hip joint was wearing out.  Cooper also

noted that he was eligible for Social Security disability payments and had been granted a handicapped license plate by the Texas Department of Public Safety.

Cooper claimed that, upon intake into TDCJ, Dr. Hung told him that it no longer mattered what his "free world" doctor said, or what the federal government said about his Social Security, or what type of license plate he had, because he was "in the TDCJ now" and was "not getting nothing." Cooper contended that he submitted several requests for medical care and was referred twice to the Brace and Limb Clinic (BLC), where he was told both times that he did not meet the criteria for orthopedic shoes or a cane. Cooper also stated that he wrote a letter to the warden, asking for permission to have his wife bring him his shoes and a cane, and this request was also refused. Cooper insisted that each defendant had the authority to authorize him to receive medical boots and a cane and was liable for failing to do so.

The magistrate judge entered a report and recommendation concluding that Cooper's claims against Dr. Hung were time-barred, and that his remaining claims should be dismissed under 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim. Specifically, the magistrate judge concluded that Cooper had failed to show deliberate indifference on the part of prison personnel because medical providers had seen Cooper on several occasions and had referred him to BLC. The magistrate judge also noted that prison personnel had observed Cooper walking and standing up from an armless chair without difficulty. The magistrate judge reasoned further that whether Cooper had qualified for handicapped license plates or Social Security disability payments had no bearing on whether he was entitled to special medical equipment in prison. With respect to the administrative and security personnel, the magistrate judge concluded that Cooper had not shown that they had authority to override the decisions of medical personnel, and that the administrative and security personnel were in any event entitled to rely on the determinations of the medical personnel.

No. 11-40482

With respect to Cooper's ADA claims, the magistrate judge reasoned that this court does not recognize individual liability for lawsuits under the Rehabilitation Act (RA), and that there is likewise no individual liability under the ADA because the rights, remedies, and procedures under the two acts are the same. *See Decker v. Dunbar*, 633 F. Supp. 2d 317, 357 (E.D. Texas 2008) ("[T]here is no individual liability in lawsuits under the Rehabilitation Act, and . . . individual liability for claims of violations of the Act cannot be secured by casting the lawsuit under Section 1983 rather than under the Act.") (citing *Lollar v. Baker*, 196 F.3d 603, 608-10 (5th Cir. 1999)).

The district court overruled Cooper's objections, adopted the findings and conclusions of the magistrate judge, and entered judgment dismissing the complaint with prejudice. Cooper timely appealed.

## II

We review a dismissal for failure to state a claim pursuant to § 1915A under the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). "The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## A

Most of Cooper's contentions on appeal are worthy of little discussion. First, he argues that the district court was biased in favor of the TDCJ but offers no evidence in support of this claim. Second, Cooper asserts that the district court should have provided him with a transcript of the *Spears* hearing, but he does not demonstrate that the costs of preparing a transcript are justified when an electronic recording of the hearing was available. *See Harvey v. Andrist*, 754

F.2d 569, 571 (5th Cir. 1985) ("Although a transcript of testimony at trial is often needed . . . such is not the case here.  Harvey has demonstrated no particular need for a transcript nor has he raised a substantial question.").  Third, Cooper challenges the district court's conclusion that his claim against Dr. Hung was time-barred because the consequences of Dr. Hung's alleged malfeasance are ongoing.  However, Cooper's claims against Dr. Hung accrued when Dr. Hung refused to provide him with medical shoes and a cane in 2005.  Cooper did not file the instant complaint until 2010, long after the applicable statute of limitations had expired.  *See Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (en banc) ("When Congress does not establish a limitations period for a federal cause of action, the 'general rule' is that we borrow the most analogous period from state law."); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West 2012) (setting the limitations period for personal injury actions at two years from the time the cause of action accrues).  Fourth, Cooper contends the magistrate judge abused her discretion in the manner in which she conducted the *Spears* hearing.  However, all of the witnesses who testified did so under oath; the TDCJ records were authenticated; and Cooper stated at the close of the hearing that he had no objection to the magistrate judge's review of those records.  Accordingly, the evidence adduced at the *Spears* hearing bore "adequate indicia of reliability."  *See Wilson v. Barrientos*, 926 F.2d 480, 482-83 (5th Cir. 1991) ("We have recognized in our district courts an 'especially broad discretion in making the determination of whether an IFP proceeding is frivolous.' . . . Within the context of the *Spears* hearing the trial judge has the discretion to decide the best way to elicit the complainant's articulation of his grievance and the basis for making any credibility assessment needed.") (quoting *Hilgeman v. Nat'l Ins. Co. of Am.*, 547 F.2d 298, 300 (5th Cir. 1977)).

No. 11-40482

**B**

Having concluded that the foregoing arguments are without merit, we turn now to Cooper's contention that the magistrate judge erred in determining that he failed to state a claim under the Eighth Amendment, which entitles prisoners to "adequate medical care." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "A prison inmate can demonstrate an Eighth Amendment violation by showing that a prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* at 464 (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).

Cooper relies heavily on the fact that he had been prescribed medical shoes and a cane prior to being sent to prison, but does not cite any authority in support of the proposition that this fact is sufficient to support a claim of deliberate indifference. Cooper also submits that, because the prison did not allow him to do work that involved lifting, standing, or bending from the waist, and restricted him to the use of a lower bunk, prison officials knew of his disability. Similarly, this argument does not amount to a claim of deliberate indifference constituting the wanton infliction of pain. Witnesses testified at the *Spears* hearing that they had witnessed Cooper walking, sitting, and climbing onto an x-ray table without visible pain or difficulty. Furthermore, Cooper saw several different medical professionals who all concluded that Cooper did not require shoes and a cane. *See Spears*, 766 F.2d at 181 (reasoning that plaintiff who had been examined by five doctors, x-rayed three times, and seen more than forty times by medical personnel merely "disagreed with his doctors and was

unhappy with the results of his medical treatment"). Accordingly, Cooper has failed to show that medical personnel acted with "deliberate indifference." Cooper's Eighth Amendment claims against security and administrative personnel are likewise infirm. Cooper does not show why any of them violated the Eighth Amendment by declining to supersede the judgment of medical personnel.

Cooper has not shown that any of the defendants evinced "wanton disregard for any serious medical needs." *Easter*, 467 F.3d at 464. Accordingly, we affirm the district court's judgment dismissing Cooper's Eighth Amendment claims.

## C

Lastly, we turn to Cooper's claims under the ADA. The magistrate judge concluded that "the Fifth Circuit has held that there is no individual liability in lawsuits under the Rehabilitation Act, and that individual liability for claims for violations of the Act cannot be secured by casting the lawsuit under Section 1983 rather than under the Act." *See Lollar*, 196 F.3d at 608-09; *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA."). The magistrate judge went on to explain that "[b]ecause the remedies, procedures, and rights under the [ADA] are the same as those under the Rehabilitation Act, there is likewise no individual liability for claims of violations under the ADA."

Cooper contends on appeal that the district court erred in construing his complaint as suing the defendants in their individual capacities. Because Cooper's complaint lists what Cooper calls the "official position" of each defendant, we agree. *See Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 604-05 (5th Cir. 2008) ("Construing Mayfield's pro se complaint liberally, we find that it seeks declaratory relief as well as a permanent injunction against

No. 11-40482

Johnson and Pierce in their official capacities.") (citing *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir.1996) (recognizing that we construe *pro se* complaints liberally)); *Cole v. Velasquez*, 67 F. App'x 252, *2 (5th Cir. 2003) (noting that it was "unclear whether Cole [was] suing Velasquez in her official capacity, or in her individual capacity" and concluding that the district court erred in failing to address this question); *id.* at *2 n.10 (noting that Cole's complaint included the defendant's official position).

Because Cooper sued the defendants in their official capacities, the magistrate judge's reliance on *Lollar* was misplaced. *See id.* at *2 n.11 ("[O]ur reasoning in *Lollar v. Baker* may support the conclusion that Cole is precluded from bringing a § 1983 against Velasquez, in her *individual capacity* . . . . We have not had the occasion to decide the question of whether a prison inmate, such as Cole, can bring a § 1983 suit against a state prison official, such as Velasquez, in her *official* capacity in order to vindicate or enforce rights guaranteed to him by Title II of the ADA." (emphasis in original)). The district court erred by dismissing Cooper's ADA claims on these grounds; however, whether Cooper has alleged facts sufficient to state a claim under the ADA is not a question for this court to answer in the first instance on appeal. Accordingly, we remand to the district court for consideration of this question. *See id.* at *2 (reversing and remanding for determination of whether plaintiff stated a claim against defendants in their official capacities).

## III

We AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.