*PRELIMINARY PRINT*

VOLUME 606 U. S. PART 2
PAGES 942–945

# OFFICIAL REPORTS

OF

# THE SUPREME COURT

JUNE 30, 2025

Page Proof Pending Publication

REBECCA A. WOMELDORF

REPORTER OF DECISIONS



NOTICE: This preliminary print is subject to formal revision before the bound volume is published.   Users are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

## GOLDEY, ASSOCIATE WARDEN, ET AL. *v.* FIELDS ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 24–809.   Decided June 30, 2025

Prison officials at the U. S. Penitentiary in Lee County, Virginia, placed respondent Fields in solitary confinement.   Fields alleges that during periodic checks, officials physically abused him.   Fields sued the Bureau of Prisons and prison officials for damages, claiming excessive force in violation of the Eighth Amendment.   The District Court dismissed Fields's complaint, determining he lacked a cause of action under *Bivens* v. *Six Unknown Fed. Narcotics Agents*, 403 U. S. 388.   The Fourth Circuit reversed, concluding that Fields could proceed with his Eighth Amendment excessive-force claim for damages.

*Held*: *Bivens* does not extend to allow an Eighth Amendment excessive-force claim for damages against federal prison officials.   For 45 years, this Court has consistently declined to extend *Bivens* to new contexts. This case arises in a new context, and special factors counsel against recognizing an implied *Bivens* cause of action for Eighth Amendment excessive-force violations.   Congress has actively legislated in prisoner litigation but has not enacted a statutory cause of action for money damages.   Extending *Bivens* to excessive-force claims could have negative consequences for prison operations, and alternative remedial procedures already exist for federal prisoners.

Certiorari granted; 109 F. 4th 264, reversed and remanded.

PER CURIAM.

In *Bivens* v. *Six Unknown Fed. Narcotics Agents*, 403 U. S. 388 (1971), this Court recognized an implied cause of action for damages against federal officers for certain alleged violations of the Fourth Amendment.   The Court subsequently recognized two additional contexts where implied *Bivens* causes of action were permitted, neither of which was an Eighth Amendment excessive-force claim.   After 1980, we have declined more than 10 times to extend *Bivens* to cover other constitutional violations.   Those many post-1980 *Bivens* "cases have made clear that, in all but the most un-

usual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Egbert* v. *Boule*, 596 U. S. 482, 486 (2022). Despite those precedents, the U. S. Court of Appeals for the Fourth Circuit permitted the plaintiff here to maintain an Eighth Amendment excessive-force *Bivens* claim for damages against federal prison officials.

This case began when prison officials at the U. S. Penitentiary in Lee County, Virginia, ordered that plaintiff Andrew Fields be placed in solitary confinement. Prison officials monitored Fields while he was isolated. Fields alleges that during their periodic checks, officials would "physically abuse" him. *Fields* v. *Federal Bureau of Prisons*, 109 F. 4th 264, 268 (CA4 2024).

Fields sued the Bureau of Prisons (BOP), the prison warden, and several prison officials in federal court for damages, claiming that certain prison officials used excessive force against him in violation of the Eighth Amendment. The U. S. District Court for the Western District of Virginia dismissed Fields's complaint. As relevant here, the court determined that Fields lacked a cause of action under *Bivens*. Because "the Supreme Court has never ruled that a damages remedy exists for claims of excessive force by BOP officers against an inmate," the District Court had "no difficulty in concluding that these claims arise in a new context" and that a *Bivens* remedy was unavailable. App. to Pet. for Cert. 49a; see *id.*, at 45a–54a.

Fields appealed. In a divided decision, the Fourth Circuit reversed in relevant part, concluding that Fields could proceed with his Eighth Amendment excessive-force claim for damages. The Court of Appeals determined that no "special factors counseled against extending *Bivens*" here. 109 F. 4th, at 270.

Judge Richardson dissented and stated: "A faithful application of our precedent and the Supreme Court's leads squarely to the conclusion that we cannot create a new *Bivens* action here." *Id.*, at 283.

After the Fourth Circuit denied rehearing en banc, prison officials sought review in this Court, with the support of the United States as *amicus curiae.* We now grant the petition for certiorari and reverse.

This Court has repeatedly emphasized that "recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert*, 596 U. S., at 491. To determine whether a *Bivens* claim may proceed, the Court has applied a two-step test. First, the Court asks whether the case presents "a new *Bivens* context"—that is, whether the case "is different in a meaningful way" from the cases in which this Court has recognized a *Bivens* remedy. *Ziglar* v. *Abbasi*, 582 U. S. 120, 139 (2017); see *Carlson* v. *Green*, 446 U. S. 14 (1980); *Davis* v. *Passman*, 442 U. S. 228 (1979); *Bivens*, 403 U. S. 388.

Second, if so, we then ask whether there are "special factors" indicating that "the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U. S., at 492. That analysis is anchored in "separation-of-powers principles." *Ziglar*, 582 U. S., at 135.

This case arises in a new context, and "special factors" counsel against recognizing an implied *Bivens* cause of action for Eighth Amendment excessive-force violations. To begin with, Congress has actively legislated in the area of prisoner litigation but has not enacted a statutory cause of action for money damages. See *Ziglar*, 582 U. S., at 148–149. In addition, extending *Bivens* to allow an Eighth Amendment claim for excessive force could have negative systemic consequences for prison officials and the "inordinately difficult undertaking" of running a prison. *Turner* v. *Safley*, 482 U. S. 78, 84–85 (1987). Moreover, "an alternative remedial structure" already exists for aggrieved federal prisoners. *Ziglar*, 582 U. S., at 137; see *Correctional Services Corp.* v. *Malesko*, 534 U. S. 61, 74 (2001). The existence of such alternative remedial procedures counsels against allowing

Per Curiam

*Bivens* suits even if such "procedures are 'not as effective as an individual damages remedy.'" *Egbert*, 596 U. S., at 498.

For the past 45 years, this Court has consistently declined to extend *Bivens* to new contexts. See *Egbert*, 596 U. S., at 490–491. We do the same here. The petition for certiorari is granted, the judgment of the U. S. Court of Appeals for the Fourth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

Reporter's Note

The attached opinion has been revised to reflect the usual publication and citation style of the United States Reports.  The revised pagination makes available the official United States Reports citation in advance of publication.  The syllabus has been prepared by the Reporter of Decisions for the convenience of the reader and constitutes no part of the opinion of the Court.  Other revisions may include adjustments to formatting, captions, citation form, and any errant punctuation.  The following additional edits were made:

None