**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2933
_____

THOMAS PETOFF,

Appellant

v.

LT. DELMONICO, FCI -Allenwood; MISS YONKIN, Nurse-FCI-Allenwood;
WARDEN JOHN DOE (1), FCI-Allenwood; JOHN DOE (2),
Mental Health Administrator

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 3:24-cv-00078)
District Judge: Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 21, 2025
Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: October 23, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Federal inmate Thomas Petoff appeals the District Court's dismissal of his civil action. For the reasons that follow, we will affirm in large part, vacate in part, and remand so that Petoff can be provided with an opportunity to amend his complaint.

In January 2024, Petoff, who is confined to a wheelchair, filed a civil action seeking monetary damages against several named and unknown employees of FCI-Allenwood. Using a preprinted complaint form, he checked a box indicating that his claims were brought against "Federal Officials (a *Bivens* claim),"[1] and added that he was alleging violations of the "8th Amendment, 6th Amendment, ADA, [and] Rehabilitation Act Title II." D.Ct. ECF No. 1 at 3-4. In support of his claims, Petoff asserted:

> I was sent to the hole on 10/10/21 as retaliation for filing a grievance on medical for not giving me a cushion to sit on for my wheelchair. While in the hole my wheelchair was taken for no reason and Lt Delmonico broke my MP3 after he took my wheelchair. I was denied food, medical care, rec & access to the law library. I was humiliated & degraded the whole time in the hole. I lost good time & was sent to a U.S.P. all because Nurse Yonkin wanted to punish me for filing a grievance on her. I told the warden & H.S.A. multiple times to no avail. Now I have 3 wounds that require daily bandage change & have been hospitalized over it. And lost 60 lbs. & was fined $700.00. I was assaulted multiple times by unnamed CO's all this was documented.

D.Ct. No. 1-2 at 1 (unnecessary capitalization omitted).

The named Defendants, construing Petoff's allegations as raising only a First Amendment claim for retaliation and an Eighth Amendment conditions of confinement claim, asked the Court to dismiss the complaint or grant summary judgment in their favor, arguing that those claims were not cognizable under <u>Bivens</u>. Alternatively, they

---

[1] <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).

argued that Petoff's claims were barred by the favorable termination rule. See Heck v. Humphrey, 512 U.S. 477 (1994);

Petoff responded, asserting that the favorable termination rule was not applicable to his claims because he was "not challenging [his] disciplinary sanctions." D.Ct. ECF No. 21 at 2. He argued that he had raised "an 8th Amendment violation for failing to provide proper medical care," which resulted in his hospitalization, as well as other claims which the Defendants' motion "fail[ed] to even address." Id. at 1-2. Petoff asserted that these violations occurred because the SHU "is not wheelchair accessible" in "violation of Section 504 of the Rehabilitation Act." Id. at 1. Petoff also expounded on his denial-of-food claim, asserting for the first time that he was denied his "religious diet," in violation of the Religious Freedom Restoration Act ("RFRA"). Id. at 2.

The District Court granted the Defendants' motion. It interpreted Petoff's complaint to raise First, Fifth, and Eighth Amendment claims for retaliation, confiscation of property, and the denial of "food [and] access to medical care, recreation, and the law library." D.Ct. ECF No. 26 at 14. It concluded that dismissal was appropriate because the claims were not cognizable under Bivens. It further concluded that, to the extent Petoff's complaint sought to challenge his disciplinary proceedings and sanctions, such claims were "barred by the favorable termination rule announced in Heck v. Humphrey, 512 U.S. 477 (1994)." Id. at 20-21. The District Court dismissed Petoff's claims with prejudice, concluding that amendment would be futile. In doing so, it specifically concluded "that Bivens does not extend to the First, Fifth, and Eighth Amendment

3

claims, and that the favorable termination rule bars Petoff's claims." Id. at 24. Petoff appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of the Defendants' motion to dismiss and/or for summary judgment, see St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020); Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014), and over the District Court's determination that amendment of the complaint would be futile, see U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014). We construe Petoff's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

On appeal, Petoff asserts that the District Court improperly focused on why he was sent to the SHU, as opposed to what happened while he was so housed. He asserts that his "lawsuit was intended to focus on the multiple times [he] was assaulted by prison guards, the lack of proper medical care," and the "denial of recreation and access to the courts," as well as violations of Section 504 of the Rehabilitation Act, "HIPPA" [sic], the Equal Protection Clause, and RFRA. 3d Cir. ECF No. 16 at 1-2.

To the extent Petoff's complaint alleged constitutional violations, we agree—for the reasons stated by the District Court, that such claims are not cognizable under Bivens. See Fisher v Hollingsworth, 115 F.4th 197, 203-06 (3d Cir. 2024) (discussing the impact of Egbert v. Boule, 596 U.S. 482 (2022), on claims brought under Bivens). Although the District Court did not specifically address Petoff's allegations of excessive force by prison guards, those claims are also not cognizable under Bivens. See Goldey v. Fields,

4

606 U.S. 942, 944 (2025) (concluding that an Eighth Amendment excessive force claim "arises in a new context and 'special factors' counsel against recognizing an implied Bivens cause of action").

Petoff has not challenged the District Court's Bivens analysis of his constitutional claims, or addressed how any of his constitutional claims could be cognizable under Bivens. Accordingly, we agree with the District Court's determination that any amendment of Petoff's complaint as to those claims would be futile. Petoff stresses that he is not challenging the disciplinary proceedings that resulted in his SHU placement. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (requiring appellants "to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief"). We agree, in any event, with the District Court that any challenge to those proceedings, including the resulting fine and loss of good time credits, is barred by the favorable termination rule, and that any amendment to raise such a claim would be futile.

Nonetheless, we do not agree that all amendment to Petoff's original complaint would be futile. As the District Court properly recognized, in pro se civil actions, "district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, although Petoff's original complaint was sparse on details, he asserted that his claims were brought under the Americans with Disabilities Act ("ADA") and the

5

Rehabilitation Act, neither of which were addressed by the District Court. While we conclude that Petoff's complaint was insufficient to state a claim under either provision, we cannot definitively say that it would have been futile for him to amend his allegations as to those claims. We also cannot conclude that amendment would be futile as to Petoff's assertion that his alleged denial of food was a violation of RFRA.[2]

Accordingly, we will vacate the District Court's judgment in part and remand for further proceedings consistent with this opinion.[3]

---

[2] To the extent Petoff 's original complaint could be broadly construed as alleging a violation of the Health Insurance Portability and Accountability Act ("HIPAA"), HIPAA does not provide a private right of action. See Payne v. Taslimi, 998 F.3d 648, 660 (4th Cir. 2021) (noting that "[e]very circuit to consider whether HIPAA created a private *right* to sue has found that it does not," and citing cases from the Second, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits (emphasis in original)). Accordingly, any amendment to assert such a claim would be futile.

[3] We agree with the Defendants that Petoff has forfeited any challenge to the District Court's dismissal of all claims against the two John Doe defendants pursuant to Federal Rule of Civil Procedure 4(m). See Kost, 1 F.3d at 182.