# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2025

Lyle W. Cayce
Clerk

No. 25-50648
Summary Calendar

———————————

Matthew Andrew Garces,

*Plaintiff—Appellant*,

*versus*

Fred Biery, *in his individual capacity*; John Doe Marshals 1-2,
Individual Capacities; Chief U S Marshal, *Official Capacity*;
United States Marshals Service, *Official Capacity*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:25-CV-609

———————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

After pro se Plaintiff-Appellant Matthew Garces "created havoc in the District Clerk's Office," Judge Fred Biery of the United States District Court for the Western District of Texas entered an Order that limited Garces's courthouse access to the Security Officers' station. In response,

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50648

Garces sued Judge Biery and other court personnel, alleging deprivation of constitutional rights and violation of the Americans with Disabilities Act (ADA). Acting on a magistrate judge's recommendation, the district court dismissed the two operative complaints after concluding neither stated a cause of action. We AFFIRM.

Garces is a frequent filer who regularly proceeds pro se and in forma pauperis. Including this case, Garces has filed 29 cases in the district court for the Western District of Texas since the beginning of the year.[1] On May 29, 2025, Judge Biery entered the following Order in ten of those cases:

> Before the Court is the conduct of Mr. Matthew Andrew Garces concerning his interactions with the personnel of the District Clerk's Office, San Antonio Division.

---

[1] *Garces v. Hernandez*, No. 5:25-CV-81 (filed Jan. 22, 2025); *Garces v. Hernandez*, No. 5:25-CV-82 (filed Jan. 22, 2025); *Garces v. City of San Antonio*, No. 5:25-CV-127 (filed Feb. 6, 2025); *Garces v. Garland*, No. 5:25-CV-128 (filed Feb. 6, 2025); *Garces v. Mohammed*, No. 5:25-CV-141 (filed Feb. 11, 2025); *Garces v. DOJ*, No. 5:25-CV-252 (filed Mar. 7, 2025); *Garces v. United Health Care*, No. 5:25-CV-256 (filed Mar. 10, 2025); *Garces v. Hernandez*, No. 5:25-CV-312 (filed Mar. 26, 2025); *Garces v. Ruiz*, No. 5:25-CV-339 (filed Mar. 31, 2025); *Garces v. S.A. Police Dep't*, No. 5:25-CV-388 (filed Apr. 11, 2025); *Garces v. Rossbach*, No. 5:25-CV-441 (filed Apr. 22, 2025); *Garces v. Contreras*, No. 5:25-CV-539 (filed May 15, 2025); *Garces v. Doe*, No. 5:25-CV-578 (filed May 27, 2025); *Garces v. Bisignano*, No. 5:25-CV-579 (filed May 27, 2025); *Garces ex rel. Contreras, Jr. v. Univ. Hosp.*, No. 5:25-CV-580 (filed May 27, 2025); *Garces v. Torrez*, No. 5:25-CV-604 (filed May 30, 2025); *Garces v. Saenz*, No. 5:25-CV-605 (filed May 30, 2025); *Garces v. Smith*, No. 5:25-CV-607 (filed June 2, 2025); *Garces v. Biery*, No. 5:25-CV-609 (filed June 2, 2025); *Garces v. Huerta*, No. 5:25-CV-633 (filed June 9, 2025); *Garces ex rel. Contreras, Jr. v. Christus Health*, No. 5:25-CV-634 (filed June 9, 2025); *Garces v. CarMax, Inc.*, No. 5:25-CV-635 (filed June 9, 2025); *Garces v. Tenet Health*, No. 5:25-CV-636 (filed June 9, 2025); *Garces v. Pain & Spine Physicians of S.A., PLLC*, No. 5:25-CV-637 (filed June 9, 2025); *Garces v. Brain & Spine Inst. of S.A.*, No. 5:25-CV-639 (filed June 9, 2025); *Garces v. Epic Pain Mgmt./Express Pain & Urgent Care*, No. 5:25-CV-685 (filed June 18, 2025); *Garces v. Garcia*, No. 5:25-CV-686 (filed June 18, 2025); *Garces v. Caudill*, No. 5:25-CV-702 (filed June 23, 2025); *Garces v. City of San Antonio*, No. 5:25-CV-703 (filed June 23, 2025).

No. 25-50648

On May 27, 2025, Mr. Matthew Andrew Garces created havoc in the District Clerk's Office, which prevented personnel from attending to their professional responsibilities.

Accordingly, Mr. Matthew Andrew Garces is ordered to cease and desist any further emails or telephone calls to the United States District Clerk's Office, San Antonio Division, and will not physically go beyond the Court Security Officers' station and will not enter the District Clerk's Office.

Mr. Matthew Andrew Garces is allowed to file whatever pleadings he wishes to file by United States Postal Service mail or by physically bringing the pleadings to the United States Courthouse to the Court Security Officers' station. Someone from the Clerk's Office will come to that location to receive the matters to be filed.

Should Mr. Matthew Andrew Garces violate this order, he will be ordered to appear and show cause why he should not be held in contempt of this Court. If he is held in contempt, he should expect to either have monetary or jail time sanctions imposed or both.[2]

Garces responded by suing Judge Biery and unidentified officials with the United States Marshal's Service who effectuated Judge Biery's Order, as well as the Marshal's Service itself. His original and amended complaints allege First Amendment retaliation and Fourth Amendment unlawful seizure pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,[3] as well as violations of procedural due process and Title II of the

---

[2] Cease and Desist Order, *Garces v. Mohammed*, No. 5:25-CV-141 (W.D. Tex. May 29, 2025), Dkt. No. 20.

[3] 403 U.S. 388, 397 (1971) (finding an implied cause of action under the Fourth Amendment against federal officers alleged to have violated constitutional rights while acting under color of federal authority).

No. 25-50648

Americans with Disabilities Act (ADA). Garces also sought permission from the district court to proceed in forma pauperis.

A magistrate judge recommended that the motion for pauper status be granted. After screening Garces's original and first amended complaints—and properly disregarding four later complaints filed without leave of court[4]—the magistrate judge also recommended dismissal for failure to state a claim on which relief may be granted.[5] Garces objected to the report and recommendation. The district judge found no merit to the objections and adopted the recommendation in full. Garces timely appealed.

Before this court, Garces argues that judicial immunity does not apply to his claims, and urges us to recognize a new *Bivens* claim tailored to the facts of his case. He also argues his complaints state plausible claims of First Amendment retaliation and denial of procedural due process because the Order curtails his fundamental right of access to the courts.[6] Finally, Garces argues that, as a disabled person, he is entitled to enter the district's Clerk's Office to file pleadings in person and, otherwise, to access court restrooms under Title II of the ADA (or the Rehabilitation Act).

These arguments have no merit. First, the district court did not dismiss Garces's complaints because of judicial immunity. Second, *Bivens*

---

[4] *See* Fed. R. Civ. P. 15(a) (allowing a plaintiff one amendment as a matter of course, then requiring "the opposing party's written consent or the court's leave").

[5] *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]").

[6] *See Wilson v. Thompson*, 593 F.2d 1375, 1387 (5th Cir. 1979) (finding access to the courts an interest protected by the First Amendment).

claims are limited to three fact patterns[7] inapplicable here, and we decline Garces's request to engage in the "disfavored judicial activity" of extending *Bivens* to a new context.[8] Third, Garces fails to allege any cognizable constitutional deprivation for two reasons: his fundamental right of access to the courts has not been curtailed[9]—he may file pleadings and other papers electronically, by U.S. Mail, or in person at the court's Security Officers' station—and there's no subsidiary constitutional right to access a preferred space or restroom in a courthouse, especially not after "creat[ing] havoc" while on property. Finally, Garces's claim under Title II of the ADA fails because that law does not apply to federal entities.[10] Recasting it as one under § 504 of the Rehabilitation Act affords no relief, either, because federal officials can't be held individually liable under the statute.[11] And to the extent Garces asserts a § 504 claim against a federal entity or officer in an official capacity, he does not and cannot plausibly allege that Judge Biery's Order

---

[7] *See Byrd v. Lamb*, 990 F.3d 879, 882 (5th Cir. 2021) (per curiam) (describing the three contexts: "First, 'manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment.' Second, 'discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment.' Third, 'failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment.'" (cleaned up) (quoting *Oliva v. Nivar*, 973 F.3d 439, 442 (5th Cir. 2020))).

[8] *Goldey v. Fields*, 606 U.S. 942, 944 (2025) (per curiam) (emphasizing "that recognizing a cause of action under *Bivens* is a disfavored judicial activity" (cleaned up)); *Byrd*, 990 F.3d at 883 (Willett, J., concurring) ("[N]ew context = no *Bivens* claim.").

[9] *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) (holding procedural due process protects against deprivation of "'liberty' or 'property' interests"); *Reitz v. Woods*, 85 F.4th 780, 789 (5th Cir. 2023) (stating First Amendment "retaliation claim requires some showing that the plaintiff's exercise of free speech has been curtailed" (cleaned up)).

[10] *See* 42 U.S.C. § 12131(1) (defining "public entity" as state or local government).

[11] *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (holding that government officials cannot be sued in their individual capacities under § 504).

No. 25-50648

denied him "meaningful access" to the district court considering the 14 *new* suits he's filed and litigated since the Order entered.[12] AFFIRMED.

_____

[12] *Alexander v. Choate*, 469 U.S. 287, 301 (1985); *see also supra* note 2.